September 28, 1990

CLERK OF COURT
SUPREME COURT. CNMI
FILED

90 NOV 21 P 2: 51

BY:

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

MARIANAS PUBLIC LAND CORPORATION,  )          APPEAL NO. 90-014
                                    )          CIVIL ACTION NO. 90-001
          Plaintiff/Appellant,      )
                                    )
          vs.                       )          AMENDED OPINION
                                    )
KAN PACIFIC SAIPAN, LTD.,           )
                                    )
          Defendant/Appellee.       )
_____)

Argued and submitted on August 28, 1990.

Counsel for Plaintiff/Appellant:    William M. Fitzgerald
                                    P.O. Box 909
                                    Saipan, MP  96950

Counsel for Defendant/Appellee:     Charles Novo-Gradac
                                    P.O. Box 222 CHRB
                                    Saipan, MP  96950

BEFORE:  DELA CRUZ, Chief Justice, BORJA and VILLAGOMEZ, Justices.

VILLAGOMEZ, Justice:

On December 16, 1977, the Northern Marianas Government entered into an agreement with Kan Pacific Saipan, Ltd. (Kan Pacific) for the lease of 146 hectares of public land in Saipan. The lease was amended to increase the land area to 149 hectares in December, 1981.

432

Under section 12 of the lease, Kan Pacific agreed to construct on the premises: (1) an 18-hole championship standard golf course within 26 months (by February, 1980); (2) at least 50 cottages within 30 months (by June, 1980); (3) a baseball stadium within 24 months (by December, 1979); (4) a swimming pool of olympic standard size within 18 months (by June, 1979); (5) a multi-purpose structure, containing an auditorium, gymnasium, meeting hall, and two rooms suitable for convention use; (6) recreational facilities suitable for a children's summer camp; and (7) other facilities as shown in the master plan for the development of the premises.

The lease sets forth events that would be deemed to constitute default on the part of Kan Pacific. It did not, however, provide for forfeiture upon any default.

After the lease was executed, the Marianas Public Land Corporation (MPLC) succeeded to the government's interest pursuant to N.M.I. Const. art. XI, § 1.

In November, 1986, MPLC brought suit against Kan Pacific. In its complaint it alleged, inter alia, that Kan Pacific had defaulted under the lease by failing to: (1) construct the 50 cottages; (2) construct the multi-purpose structure; (3) construct the recreational facilities suitable for a children's summer camp; and (4) open the swimming pool and baseball stadium. MPLC sought forfeiture of the lease, possession of the premises, rent due after forfeiture, costs of the suit, and other relief as the court deemed proper. It did not seek damages resulting from the alleged default.

433

The trial commenced on December 1, 1987. MPLC presented its case in chief only as to forfeiture. It did not present any evidence relating to damages. After MPLC rested, Kan Pacific moved to dismiss on the grounds that: (1) the lease did not provide for forfeiture upon default; (2) there is no Commonwealth statute permitting forfeiture; and (3) MPLC waived forfeiture by accepting rental payments up to the time of trial.

Following submission of Kan Pacific's motion, the trial court expressed concern that if the case were to be dismissed pursuant to Com.R.Civ.Pro. Rule 41(b), MPLC could file a subsequent action for damages, which the court felt could be proved. If Kan Pacific could not pay the damages, MPLC could execute on the land--reaching the same result, repossession of the property. In response, counsel for Kan Pacific stated:

> The court is correct . . . that the recourse for [MPLC] is damages. I believe that is correct. It is damages. . . . So, they can come in for damages. That is not this lawsuit. They've not even attempted to prove up damages. It's very clear that the thrust of the pleading and the prove [sic] is forfeiture, and not damages.
>
> We are perfectly willing to accept the real possibility . . . that there will be another lawsuit in attempting to prove, so called damages, but that is a fight for a different day under different rules and we're going to be focusing on something very different.
>
> . . .
>
> And, I would ask this court to grant, to take time if necessary . . . but I would like to get it done right now, really, I mean like today.

ER at 17-19.

The court then asked MPLC whether it was suing only for possession and forfeiture of the lease. Counsel for MPLC replied

434

that that was correct and added: "[w]e are not looking for damages at this time." ER at 19.

The court then continued the trial to the following day. Before it could rule on the motion to dismiss, the parties filed a stipulation for dismissal which stated, in part:

> It is stipulated by and between the parties . . . that plaintiff's complaint for termination of the . . . lease agreement shall be dismissed with prejudice . . . .

MPLC v. Kan Pacific Saipan, Ltd., Civil Action No. 90-001, slip op. at 2 (C.T.C. April 6, 1990). The stipulation did not mention anything about a claim for damages. On December 2, 1987, the trial court dismissed the action with prejudice pursuant to the stipulation.

More than three years after the first complaint was filed, on January 2, 1990, MPLC filed a second complaint against Kan Pacific setting forth virtually the same allegations but this time praying additionally for monetary damages resulting from the allegedly continuing defaults.[2] Kan Pacific moved for summary judgment, arguing that since the second complaint was virtually the same as the first, it was barred by res judicata. The trial court agreed and granted Kan Pacific's motion. MPLC v. Kan Pacific Saipan, Ltd., Civil Action No. 90-001 (C.T.C. April 6, 1990). MPLC timely appealed.

---

[2] MPLC alleged in its second complaint that as part of the consideration for the stipulation, Kan Pacific agreed to cure the alleged defaults in due course.

## ISSUE

Whether the trial court erred in ruling that res judicata precluded MPLC from filing a second action, for damages, after the first action seeking forfeiture of the lease was dismissed with prejudice.

## ANALYSIS

An order granting summary judgment is reviewed de novo. If there is no genuine issue of material fact, the analysis shifts to whether the substantive law was correctly applied. Borja v. Rangamar, No. 89-009 (N.M.I. Sept. 17, 1990). We see no genuine issue of material fact and will only determine whether the trial court correctly applied substantive law.

It is our opinion that res judicata does not preclude MPLC from subsequently suing Kan Pacific on a damage claim relating to the alleged default.

There are two reasons for this. First, Kan Pacific acquiesced in the first action for MPLC to later "come in for damages" in a "fight for a different day under different rules . . . focusing on something very different." Second, the dismissal with prejudice of the action for forfeiture failed to coherently dispose of the whole controversy between the parties, leaving them with a judgment contradictory to their rights and obligations under section 12 of the lease.

The trial court correctly pointed out that under the Restatement (Second) of Judgments (hereafter Restatement) §§ 24 and

436

25 (1982), a valid judgment extinguishes all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose, including remedies or forms of relief not demanded in the first action.[3]

However, Restatement § 26 provides exceptions to the general rule:

> (1) When any of the following circumstances exists, the general rule . . . does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against a defendant:
>
> (a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; or
>
> . . .
>
> (f) It is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason, such as . . . the failure of the prior litigation to yield a coherent disposition of the controversy.

As explained below, this case falls under these two exceptions.

### A. Kan Pacific acquiesced to a subsequent suit for damages by MPLC.

During the trial of the first action, counsel for Kan Pacific agreed that MPLC's recourse was for damages and stated that "they can come in for damages." He further stated:

> We are perfectly willing to accept the real possibility

---

[3]The Restatement provides the "rules of decision" in this action because of "the absence of written law or customary law to the contrary." 7 CMC § 3401. Cf. Borja v. Goodman, No. 89-010 (N.M.I. June 26, 1990) (Villagomez, Justice, concurring; Hillblom, Special Judge, concurring).

. . . that there will be another lawsuit in attempting to prove, so-called damages, but that is a fight for a different day under different rules and we're going to be focusing on something very different.

(Emphasis added.) This statement constitutes acquiescence under Restatement § 26(1)(a).

The Restatement cites Brown v. Lockwood, 76 A.D.2d 721, 432 N.Y.S.2d 186 (1980), a case quoting from and interpreting the draft version of § 26(1)(a):

> Concerning the issue of res judicata, the court on appeal stated that since all the facts regarding the making and breach of contracts were relevant to both actions and were actually litigated in the first action, claim preclusion would ordinarily apply to bar the legal theory of the second action because it could, and should, have been asserted in the first. But since the rule was designed to protect defendants from being vexed by multiple suits, acquiescence by the defendant works as waiver. The court held that because the defendant claimed at the fraud trial that the proof in the two actions would be different and he would defend both differently, he would not be permitted to assert res judicata to bar the second action. Accordingly, the court reversed the lower court decision.

Restatement Appendix (1988) at 435. In Brown, the plaintiff first sued for fraud, then later sued for breach of contract. The trial court dismissed the second action by applying res judicata. The appellate court reversed because a statement made by the defendant's counsel in court in the first action constituted acquiescence to a second action, and precluded a res judicata defense.

During the trial of MPLC's first action, counsel for Kan Pacific made a statement in court very similar to the statement in Brown. Applying Restatement § 26(1)(a), we reach the same conclusion as the Brown court.

438

We note that the parties' stipulation to dismiss specifically referred to "plaintiff's <u>complaint</u> for <u>termination</u> of the . . . <u>lease agreement</u> . . . ." (Emphasis added.) If Kan Pacific had intended to preclude a subsequent suit, it could have insisted that any claim for damages be barred under the stipulation to dismiss. Under the circumstances of this case, the fact that Kan Pacific did not do so supports the conclusion that it acquiesced to the second suit.

In the first action, MPLC did not seek damages in its complaint, did not raise a damage claim at trial, and did not adduce pertinent evidence or present pertinent arguments concerning such a claim. The trial court did not entertain a damage claim, and the stipulation to dismiss did not touch upon it. Therefore, both parties and the trial court anticipated that the issue of damages could be litigated in a subsequent lawsuit, "a fight for a different day under different rules . . . focusing on something very different." Kan Pacific clearly acquiesced to a subsequent action for damages.

This analysis is sufficient for a reversal and remand for a trial on the issue of damages. We will, however, briefly consider the second reason for finding error.

B.   **The dismissal of the first action failed to coherently dispose of the controversy.**

The trial court's ruling concerning res judicata means that MPLC may not sue Kan Pacific for any cause of action which could have been raised in the first suit. It effectively terminates

439

MPLC's rights under section 12 of the lease. If the ruling were to stand, MPLC could not enforce the covenants in that provision. Instead of settling their dispute, the ruling modifies the lease agreement and frustrates the parties' intended contractual relationship.

The lease will be in effect for approximately 12 more years. Assuming that MPLC's allegations have merit, unless MPLC can enforce the covenants in section 12 Kan Pacific may continue to ignore its contractual duties.

For the next 12 years, Kan Pacific's covenants and obligations under section 12 of the lease agreement become meaningless. And just as important, MPLC would not be able to sue for damages as a result thereof.

For the reasons set forth above, we REVERSE the decision of the trial court and REMAND this case for trial on the issues of liability and damages. Res judicata precludes MPLC from any further action for forfeiture.

Entered this ___21st___ day of ___November___, 1990.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
JESUS C. BORJA, Associate Justice